May it please the Court, I'm Matthew Stigler for the Appellant, Jerry Reeves. I'd like to reserve four minutes of my time for rebuttal. I'd like to focus my argument on what I think is the clearest, most direct path to reversal here. The evidence that qualifies most clearly as new evidence of actual innocence is the evidence in the police reports that indicated that somebody else committed these crimes. Yeah, but that doesn't really help us get to whether or not it's new. If it's in the police reports, does that undermine your argument? Why is it new if counsel already had access to it? The reason why it's new is because it was not presented at trial. Okay, go ahead from there then. The jury never knew that Kai Anderson confessed, that his confessions were repeated and accurate. The magistrate judge described this evidence as strong, and any reasonable jury who heard that evidence and heard all the evidence in this case would have had a reasonable doubt about Jerry Reeves' guilt. Aren't we bound by Hubbard? Well, yes, but Hubbard isn't binding on this case. The holding in Hubbard was that it's not new evidence if a petitioner simply comes in with evidence that repackages the evidence that was presented at trial. That's the holding of Hubbard, and that would remain good law under the circuit majority approach. The circuits have recognized that that idea continues to apply, but the standard for whether it qualifies as new evidence is whether it was presented at trial or not. There were usable prints obtained, I assume, because it's clear the prints did not belong to Reeves. Did anybody determine whether or not the exemplars matched Anderson's printer prints? I don't know. The record doesn't show whether they ever tested. I assume that they did, but the record doesn't show that. They did actually get a fingerprint match. I'm not sure it's particularly material to this case, but they did actually ultimately get a fingerprint match. They found that a man named Tavon Shaw's fingerprint matched the print that was on the door going out of the convenience store. Before we get to that, why should this be new evidence when the evidence was available previously? This court has never held that evidence available previously or actually was known previously is new evidence on a habeas type of case. That's correct. This court hasn't answered the issue. It addressed the issue in Dictum and Haupt v. Stickman. The rule that we're asking the court to adopt is the rule the majority of circuits have adopted. Now, there is one circuit, as you're alluding to. The Eighth Circuit has gone the other way. Right. The Eighth Circuit, which was the first circuit to look at this after Schlup, the Eighth Circuit said evidence is new if it was available through the exercise of reasonable diligence. That's kind of the traditional way you look at newly discovered evidence. Well, right, newly discovered evidence, but it's the only circuit that's looked at new evidence in that context. Is this a run around in state habeas corpus, then? Well, no, it's not. Let me try and answer it this way. The actual innocence, the actual innocence gateway, reflects a balancing that the Supreme Court has done. The actual innocence? The actual innocence gateway. Well, wait, actual innocence, are you claiming in this case that your client has actually proved actual innocence? Yes, but actual innocence is a shorthand for what the actual standard is, which is that it's more likely than not that any reasonable juror would have a reasonable doubt. And, yes, it's our contention that we satisfy that. To satisfy actual innocence, freestanding, I'm not talking about gateway. No, no, we're not arguing freestanding. You're claiming gateway. Exactly, in order to consider the merits of our untimely claim of ineffective assistance to counsel. And so it's a lower standard. We're not talking about Barrera versus Collins. We're talking about Shloop and McQuiggan. Okay, but there's still an end run around state habeas corpus. Well, I don't think it is, and let me try and explain why. The balancing that the court is trying to do here, they say, we want to ensure that the actual innocence exception remains something that's rare. It's only going to be something that petitioners will be able to pass through in an extraordinary case. That's one side of the balance. The other side of the balance is the court wants to ensure that it remains a meaningful avenue to relief. And this is really, that balancing is the heart of what House v. Bell is talking about. And the way to accomplish that balancing is by calibrating the standard, the reasonable juror standard. And what the Eighth Circuit has done, then, is imposes a standard which disrupts that balancing, because they shift the central question from whether the petitioner is actually innocent in light of all the evidence to a focus on availability or ineffective assistance. And that's the one place for the court to be focusing, because ultimately the way the new evidence limitation, the way the new evidence threshold functions is to say, no matter how strong the constitutional claim is, and no matter how strong the evidence of innocence is, some petitioners are going to lose anyway. And the whole purpose, the core purpose of the Actual Innocence Gateway is to say, if you have strong evidence of innocence, you get to wipe away the procedure. Let me just straighten myself out. If I understand your argument in the briefing that you've given us, you're saying that by reason of this evidence, which was not presented at the trial, the original trial, this evidence shows that my client, that no reasonable juror could conclude beyond a reasonable doubt that my client committed this crime. Correct, Judge. Okay. No, you're saying it's more likely than that that no reasonable juror would conclude. That's correct. All right. More likely than that. Okay. I accept that rider by Judge McKee. But what you're saying now is you want this case, this court to reverse this district court opinion and send it back to the district court for it to be sent for what? For the district court to send it back to state court? Or for the district court to do what? Well, this court has a couple options. We can do it ourselves or we can ask the district court to do it. Right. What are the options that you're asking us to do? If we agree with you that the new evidence, which you do with quotes around it because it was really, according to the age, it was old evidence, we agree with you that you've made a gateway show of actual innocence. What do you want us to do or what do you want us to tell the district court to do or what do you want us to tell the district court to tell the state court to do? Well, so there are two basic options. If the court finds that we've cleared the gateway, then the court can address the merits of the actual innocence claim or it can remand for the district court to address that in the first instance. And what is that, but it would be the same question for the district court if we remanded it back down or we handle it in the first instance ourselves. Is that right? That's correct. And what would that question be that we would ask ourselves or remand to the district court for it to ask? Whether we met our burden of establishing deficient performance and prejudice under Washington. How can we possibly determine the merits on our own? In fact, the merits of the due determination. Of the ineffective assistance to counsel claim. But also there's another question besides first determining whether a fact fits in the category of new is whether it's reliable. Wouldn't we have to send it back to the district court to do an evaluation of reliability? That's a fact question, isn't it? I don't think so. And let me try and explain why. I've got a couple answers to that. One is reliability has never been at issue in the case. Is there a concession that's reliable? Well, there's been no dispute that it's reliable. I don't know if there's an affirmative concession. There has not been an affirmative concession. And there's been no finding that it's reliable, so we have nothing to review on that front, correct? Well, yes, that's correct. But, I mean, my position would be that the only thing that has been we argue this is new evidence that clears the gateway. And the only dispute that has been made to that idea is this question of whether or not it's new or not because it was available to trial counsel. Neither the magistrate judge nor the district court nor the commonwealth have said, hey, we think that there's an issue about whether or not it's reliable. So my primary argument would be that there's no dispute about it. And to the extent that the court thinks that it's necessary to address it, I think that the record here on the appeal is more than adequate to address it. And there's a practical issue with that, too, which is the last part of my answer to this, is that if our contention is correct and Jerry Reeves is innocent and has been locked up since he was 21, now he's 30, every remand, every continuation of the case that happens here is longer than an innocent man who's been wrongfully convicted spends in prison. And I'm not in some contempt to that position. It's just a court needs to recognize what role it plays in the process. Sure. And we're not fact finders. And so if reliability were disputed, could this court make an independent determination, or wouldn't we have to send it back to the district court? I mean, if it were disputed, I think the court probably would have the ability to make that determination in the first instance. But I would certainly concede that it's a common course of action to let the district court address that in the first instance. But I don't think that's the case here. And a follow-up to your request, as Judge Cowen has asked you, kind of what do you want us to tell the district court? Are you asking us to articulate what we had sort of said in Dicta and Houck, that if there's an ineffective assistance to counsel claim, and the evidence that that counsel failed to present is the very evidence that would demonstrate actual innocence, then we should consider that new evidence, even if it had been available to counsel and through counsel's inaction, it doesn't get presented. Is that the test you're asking us to articulate? No, but we believe we win under that test. We believe we win under the circuit majority test or the test that – No, what is the test then? I thought you said yes to that. It's whether the evidence was presented or not. That's without regard to whether it's the same evidence that supports the claim of ineffective assistance to counsel. Well, suppose we go along with you and say we, regardless of our prior decisions in this circuit, find that it will be considered for this purpose as evidential. It's new evidence, whether it's repackaged or whether it was there, knew about it, didn't know about it, whatever. And this new evidence shows that no reasonable jury could have found beyond reasonable doubt that this man was guilty. Yes. I'm having trouble with what we do with the case at that point, because it would seem to be if we held that you had made a gateway claim of no reasonable jury could have found this man guilty, we would have to say that based on this record before us, no. Why are we sending it back to the district court? We should just send it back for – we should just affirm the case and say that – we should just send it back for a guilty verdict to be – not guilty, for the charge to be dismissed. Well, no, I think that's one step too far. We're not asking for entry of a verdict. The complete relief that we would ask for would be that we clear the gateway and that our actual innocence claim has merit. All right. We agree with you there, and we say, yes, you've made the gateway, and you've shown that no reasonable jury. Okay. And so that's habeas corpus relief. So I believe sometimes this court enters the order granting relief. Sometimes this court sends it back to the district court to enter habeas. What happens then? What would that order that either we or the district court enters, what would it say? Well, substantially it says that the district court – that the commonwealth has X number of days to decide whether to release him or retry him. A conditional – what are conditional reliefs that the commonwealth does? Do what? Dismiss him or retry him? Either release or retry. Well, what do you say we should do? Well, that's what the – no, what the order says is that the commonwealth must either release or retry within X number of days. Okay. How can the commonwealth then retry someone who we have adjudicated that no reasonable juror could find beyond a reasonable doubt that this man is guilty? As we look at the photo of this affair, we see the guy is definitely left-handed, not right-handed, or is right-handed, not left-handed, and that we identify the actual participant in this as someone else than this defendant. How can any commonwealth court then bring this to trial and say, look, I just have to enter an order of dismissal? Well, I don't think it's likely that they would, but this court doesn't have the power to prohibit them from making that choice, I don't believe. Well, yeah, but my question is if they entered such an order, wouldn't it be immediately appealable then because it's already been found judicially that no juror could find this man guilty? You know, honestly, I don't know the answer to that question, and I think the reason why I don't know the answer is because that scenario doesn't come up very much. I think that if this court finds that he is clearly the actual innocence gateway, I think the likelihood of him being retried is low. But it's not action. You're not ruling it out, are you? No, I'm not. Well, you're asking us to do one of two things. You prefer him to be adjudicated and there should be an order entered dismissing these charges in the state court, number one, or your backup position is you want him retried. Well, I mean, I don't want to argue against more complete relief than what I came up here looking for. I'm not aware of the court having the power to dismiss the charges and prevent a re-prosecution, but if I'm wrong about that, I'd love to be wrong about that. Well, you're not wrong, but we can enter an order saying that no reasonable juror can find this man guilty, and when it goes back to state court, this defendant will be represented by someone who will tell the state court, I want to dismiss this case that's been adjudicated by higher authority based on the evidence that he's not guilty. Yes. I mean, you know, I'm standing here thinking, well, you know, a witness who's been asleep for 20 years could suddenly wake up and say, ah-ha, I've got this videotape and it's a close-up, and I mean, like, I can imagine sort of far-fetched hypothetical scenarios where maybe it would be possible for the state to retry him. But, I mean, that's all in the realm of law. You have a better memory or a better imagination than I do, because I can't imagine a state court doing anything once a higher court says that no one can find this man guilty. Well, I think you're right about that, and I think that's the only reasonable resolution of this case. Uh-huh. Well, one thing I'd like to just endorse what Judge Schwartz has said. I looked at this video, and it's very difficult for me to – I mean, I see – it's not all that clear to me exactly what's going on here as to who is – to verify the claims that your client makes that it could not have been him, because the actual assailant is someone who's different in many ways. And in any event, how can we find that there's actual innocence here or that – even a gateway when your client confessed to this crime? Yes. And ultimately, the question that the jury's making here is to look at the totality of the evidence. It's looking at the – at whether that confession is convincing evidence. It's looking at Kai Anderson's confession, confessions, and whether they are convincing evidence. It's looking at the video with the evidence of the left-handedness, which I'm happy to go through and talk about in more detail. I agree the video is grainy and difficult to follow. But it's the totality that a court is focused on in looking at this. There aren't any per se rules here that if there's been a false confession, well, that's the end of it. They can't clear the gateway. Courts have to drill down and focus in on what does the evidence show, and is this petitioner really able to meet this high standard? And we think that the most powerful evidence in the case here is the evidence from the police reports involving Kai Anderson because the confessions that he made to these different witnesses are exactly the sort of confessions that Jerry Reeves didn't make. He knew that the real killer went into the convenience store alone. He knew that the killer climbed through the window in order to get the money. He knew when he left the store, he came out of the store and went left. It's that short little clip on the video. There's a third video that we submitted. It's that short little clip. He's headed left from the store, and that means he's going west. The victim fell down and got back up again. Right. And there's nothing about that in Jerry Reeves' confession. Well, your time is up. I'm going to let you go because I wanted to make sure that you had a chance to respond to a colleague's questions. But you did reserve four minutes for rebuttal. Yes. So we'll hear from you again. All right. Thank you. I might ask you another question. It wasn't about the same thing. Do you know offhand the percentage of exonerated cases in which it's actually physical exoneration in the form of DNA evidence where there's been a confession? There's a study that's a few years old now that we cited in our brief, in a footnote, in our opening brief, which indicates that the number is like 15%, 17% of the time. I think that they have since found that that number is higher, but that's the study that we cited. All right. Mr. Gibbs, pronounce your name for me. Is it Lysak? Yes, it's a weird Irish name, Your Honor. It's not Lysak, Your Honor. Say it again, please. Lysak. Lysak, okay. Good morning or good afternoon, Your Honors. May it please the Court, Ryan Lysak from the Dauphin County District Attorney's Office here on behalf of the appellees. I must admit that I incorporated a majority of the magistrate's opinion into my brief and would rest on the sound reasoning of the magistrate judge and would be foolish to imagine I would get off that easy. I'm happy to obviously just ---- Is there anything in the record that would tell us why there was no follow-up on the Kai Anderson leads? We'll call it leads. Nothing in the record that I was able to find, Your Honor. Is there anything in the record that tells us why there was a three-year delay between the Kai Anderson lead and the ultimate confrontation and then confession attributed to the petitioner? Nothing in the record to explain that, Your Honors. I just surmise police investigation. They weigh the probative value of whatever they find and it's their conclusion ultimately. Okay. How do you get around the language in Shrupp and Calderon? Twice in Shrupp, it talks about newly presented evidence. Calderon, which follows Shrupp and cites Shrupp in talking about actual innocence, says the exception must be based on reliable evidence not presented at trial. Yes, Your Honor. You're asking specifically about the reliability of this evidence in my opinion. No, I'm actually focused on the initial is it new evidence because the gateway requires us to have new evidence that is reliable. So I'm only focused on the new part at this moment. I'm looking at that language from those two Supreme Court cases and wondering how do you get around that? We would respectfully request that this Court employ the HALC standard, Your Honor. How often I'd love to do that. We should play our standard in the U.S. Supreme Court. I'm sorry, Your Honor. Should we play our standard and ignore the Supreme Court? The Supreme Court of the United States, Your Honor. We would need to follow that one, Your Honor. Okay. So are you saying that we should use the language in HALC which ends up really being dicta, which says if the evidence that this counsel failed to present was not presented and it would be evidence of actual innocence under those circumstances, the failing to present that evidence is sufficient to clear the gateway. Are you asking us to adopt HALC? The HALC dicta, I'll call it. Yes, Your Honor. Well, HALC never really addressed the question. They ducked the question there, actually. I'm sorry, Your Honor. They ducked the question in HALC, didn't they? They didn't adjudicate it. They said that it need not reach it. Yes, Your Honor. We ask that it be reached in this case. And if we reach it, doesn't that make it difficult for the Commonwealth to prevail because this is at least at the fact that it's new. If we're going to adopt the dicta to be a holding, the evidence the petition relies upon is we're going to just shorthand it, the Kai Anderson events. That's the evidence he claims his counsel was ineffective for failing to present. If that evidence were established to be reliable for this purpose, then it would constitute new, reliable evidence, the gateway is cleared, the merits of the ineffective assistance of counsel claim would be addressed. Am I correct? And you're stating that in terms of finding Kai's confession to be reliable, in the cosmic sense he was actually responsible for this murder and that his confession is viable. You can say yes. It would be difficult, Your Honor. With all this evidence floating around, these standards, trial counsel, I would submit respectfully, needs to be afforded some kind of latitude in their professional judgment, especially when you get to the point where it's not wide latitude. That goes to the confidence of counsel's decision-making. We don't need to evaluate that today. We have really the issue in front of us is new evidence to clear the gateway. And then following that up, who decides reliability, as I was asking your colleague, should this go back to the district court to evaluate the reliability of the evidence? I think that the district court would definitely be situated to hear the evidence. Are you contesting the reliability? Yes, Your Honor. We do contest it. Okay, the dress. You contested the dress, but the person was wearing black pants and a black T-shirt, and that's inconsistent with what Mr. Breach said. Do you contest that? Specifically going piece by piece through the defendant's confession. Right. I would do a more holistic sense, Your Honor, with the fact that we have all these, everyone's in DCP. I'm sorry. I'm sorry, Your Honor. That's a Dauphin County prison. That's our local prison. I don't think there's any reliability to this. Everyone sits around in the day room all day. They have incentive to confess to crimes to make their peers think that they're worth it. What is there any reliability to? I'm sorry, Your Honor. What is there any reliability to? There's no reliability to any of it you're saying? The defendant changed his story so many times when he met with the police. Would you concede that the guy has a history of lying and may well be pathological due to some trauma? Would you concede that? I concede the possibility, Your Honor. Okay. Look at this from a, I hate to tell you this, from a standpoint that you don't like, that we say no evidence is any evidence. It's even evidence that should have been presented at the court that the lawyer knew but didn't present. The rules of evidence are out the window, and anything can be evaluated on a claim, a gateway claim to actual innocence. So we're going to look at, assume for the purpose of this argument with me, that everything is open, any evidence, even though it should have been presented originally and may be barred by state law for one reason or another. Looking at the new evidence, i.e. the bank robbery and the other evidence, and why should we conclude, as your adversary has argued, that no reasonable juror based on this new evidence could have found the defendant guilty beyond a reasonable doubt? Why should we conclude that? I would ask that you not conclude that, Your Honors. I don't think that there's any reason to, I don't think this, and we talk about the right case for an appeal. In this case, I don't think there's any way to conclude, based on all this evidence, that even if, like Your Honors said, that if state procedural rules did not bar the admission of this evidence, I don't think it's possible to satisfy. Would the Anderson statement be admitted? I'm sorry? Anderson's statement, would that be admitted? I believe for the purposes of this hypothetical that we weren't considering. For the purposes of trials and declarations of case interest. We're considering everything. The admissions by others, the videotape, has to be made on a claim that no reasonable jury could have looked at this and said, this man could, the defendant was not guilty of this crime. I would submit not, Your Honor, and having seen a lot of jurors return verdicts on many cases, there's... I mean, you see the sentencing commission, so I got to Dufferin County a lot. I know Dufferin County. They're different. They're not that different, are they? Dufferin, you're saying no reasonable jury could look at a case where there's very strong evidence that the person charged with the murder is left-handed, very strong evidence depicting visually the person who committed the robbery is right-handed. You've got a statement from somebody where they, not a formal under oath statement, where they admit to being involved in a robbery, choose a person, and then they furnish details that nobody knows unless someone has seen that video or they themselves were the deceit, obviously not the deceit person, unfortunately dead, or the robber. But somehow Anderson knows this. Mr. Lapsley knows this information. Somehow learned that information. He gives a statement which is correct in details where Reeves is wrong, and then you've got evidence of Reeves' own kind of tragic history of perverticating and not telling the truth, even in this case from the government's evidence, he can't do it himself. And he gives a statement which is demonstrably incorrect, even to the number of people who were in there when he went in there. Nobody in the jury could look at all that and say, oh, my goodness, Reeves is not the guy. Because if that's the case, don't let me ever set foot in Dufferin County. Under the way that you've phrased all that evidence, Your Honor, I don't respectfully believe the different characterization of the weight of that evidence, but we would guess that's the way that you phrased it, I can see. How did I phrase it inaccurately? Your Honor, with regard to the conclusively left-handed, right-handed thing, even if someone's predominantly left-handed, there's many activities that they could switch hands for. He talked about bringing in his baseball coach. I was a switch-hitter. I can write left and right-handed. I could have theoretically committed this crime with either hand. I don't think that's weighty, Your Honors. Well, it may not be determinative. With weight, you know, that's where the jury's in the box. Right. Yes, Your Honor. And, I mean, his confession being more correct, Anderson's, than Reeves, could have been there or could have been there with him. It still doesn't show that Reeves. Was anybody in there with the person who perpetrated it? No, Your Honor. Well, assume, again, I hate to put you in this spot, the worst for yourself, that we conclude that no reasonable jury could have came to the conclusion that this man committed this crime. His pathological argument, the video, and all the others. Because now we're looking at, quote, all the evidence, which wasn't all the evidence previously. What, if we make that adverse conclusion to you, what is your suggestion that, what is our next step? Do we adjudicate this ourselves? Do we send it to the district court? What is our alternative? Our alternative is if we rule against you and say that no reasonable jury could have found the defendant guilty based on all this, quote, new evidence. I would first probably try to appeal that. Well, you have to be in line, because there's a lot of research before us. I must admit, in evidentiary hearing, as to counsel's stewardship, would not serve a tremendous amount of assistance in this matter. She has passed away, unfortunately, so we wouldn't be able to make any inquiry into, maybe there's still a file that we could. No, no. What do we, we conclude, adverse you, that there's actual innocence to prove in this gateway claim. Where do we, what is our order? Dictate the order that we are to incorporate after we write our opinion. Forget the whereas. I'm sorry? Forget the whereas. Just give us the me. Okay. As opposing counsel indicated, I've only dealt with this situation once before, where it was sent back to the state courts with the opportunity to retry within 120 days or null process charges. You're stating that you would be saying that he's proven his actual innocence and maybe the law of the case doctrine would then prevent a retrial. But that would be a decision for the state court. That's not for us to decide. Isn't that right? Yes, Your Honor. Okay. But your position is that we should direct the district court, if we decide the case that we say there's actual innocence, or we don't have to make that decision, we should send it to the district court and say if the district court finds there's actual innocent gateway claim, that they could send it to that they would remand it back to the grant habeas conditionally and the Commonwealth Court then would what? Have an option to either retry him again? Yes, Your Honor. We're doing that on another case. Okay. So you're saying that you acknowledge that if we agree that there's been a gateway claim made here, that ultimately either we or the district court should remand it to the state court with a conditional grant of habeas condition on their retrying it within whatever days? Yes, Your Honor. So let me ask you a question which kind of intensely but unintentionally puts you really in the spot. Your beginning, the way you began your argument I thought was absolutely commendable. We're basically saying we're resting on the magistrate judge's recommendation, and I was reminded of a case many, many, many, many years ago when I was in private practice representing a tenant and actually a landlord in a very, very large commercial lease. And having looked at all the materials and all the papers, I thought that my client was absolutely wrong and I was embarrassed to go into court and ask the judge to find that the tenant, a very large clothing manufacturer, should be evicted from this shopping center. And I thought that the opinion of the court I was relying upon was really bad, but at least that was the court's opinion, not mine. So I completely believed it. I said, you know, Your Honor, I rest on the opinion below, hoping that I wouldn't have to let him defend something that I thought was dead wrong. We're not putting you totally on the spot. Would I be totally wrong in reading your approach to us as maybe being somewhat analogous to the situation of an attorney who is falsely representing a client and maybe doesn't have the case that they really wholeheartedly believe in? But you've got to argue something. You're asking if I believe that Reed just said it. You're pulling him in this way, basically. I'm glad I'm not a juror, Your Honors. I wouldn't want to be in these positions. I don't think that the evidence is to the contrary, is weighty enough to give me a reason to doubt the state court verdict. That would help us from ever having you serve as a jury. It would be deadlocked for years. I'm sorry. It would be deadlocked for years. Anything else?  Okay, thank you. Thank you, Your Honors. Thank you. Well? Here we are. Imagine that. Two o'clock in the afternoon, none of us have any place to be except for you. Here we are. Do we decide the case ourselves or do we send it to the district court to determine whether or not actual innocence gateway has been proven? No, I would strongly urge the court to decide the actual innocence gateway issue here. And if we decide there is actual innocence, then what do we do after that decision? Well, what I would ask the court to do is to then proceed to decide the merits of the untimely ineffective assistance to counsel claim. It's the other side of the same coin. The innocence question is the same as the trial counsel question. No, if we decide that he's actually innocent under the gateway scenario, we decide there was, I think, automatically there's been ineffective assistance because of the failure to show all these things that have been brought to our attention. And now we've said there's actual innocence, show no reason. And then if we decide in your favor, what do we do then? Do we remand it to the district court, to remand it to the state court to enter a discharge of the defendant? Or do we remand it to the state court? Their adversaries seem to say we should remand it to the state court for a rehearing, a retrial. In other words, classic habeas corpus. The only difference is this is an en run around classic habeas corpus because you don't have to worry about the statute of limitations. You don't have to worry about state default. We're putting a lot to the side because we said there's an actually innocent man here who's entitled to be released or retried. Your Honor, I think I have seen a case where a court said this is such an overwhelming case that we're just going to order the guy freed. We end it right here and we're not sending it back to state court to let them make a decision about whether to retry or release him. I think I've seen that once. I'm a cautious lawyer by nature, and I feel strongly about my client's innocence here. But I'm inclined to say I think that the right course of action is for the court to color within the lines and say this is a habeas case. We're granting habeas relief, and we're going to give the state court 120 days to decide whether or not to retry or release him. I think that's the cautious approach. But you acknowledge that in that scenario the state court can retry him and use the new evidence, the new evidence that they didn't have before, for a jury to determine whether he's guilty or not guilty. Yes, I think that's their decision. Okay, I got you. And with respect to the ineffective assistance of counsel claim, there has been no decision on that, obviously, so there's, again, no opinion for us to review. Yes. And there's still, even if we don't have counsel available to a fact finder to determine whether there was any kind of strategic reasoning, there are still legal arguments presumably that could have been made about the admissibility of the evidence. And if the evidence for some reason were not admissible, and there's been some discussion of potentially exceptions to the hearsay rules, but that still has to be established that it would be admissible in order to find counsel having acted incompetently. Well, you're right. There is an admissibility issue here about the police reports and Kyan Anderson's statement because the state court said that it wasn't admissible because it wasn't corroborated. Right. And that's a state evidentiary issue that we don't review on habeas. Absolutely. I certainly recognize that challenging that state law finding isn't what this is about. But I think that the reality here is the question of whether that evidence is corroborated is substantially the same question that the court's looking at in evaluating whether or not he's innocent or not. Well, it doesn't really go to whether it's reliable. If this evidence wasn't corroborated, we wouldn't be here in this position. We wouldn't be talking about a petitioner who's able to satisfy this high standard of more likely than not any reasonable juror would have a reasonable doubt. I think that it's all one and the same. And I think that if there was a lack of corroboration, that's all of the piece with counsel's deficient performance. So I recognize that the court could send it back, and in some ways that's the safer approach. But I think just my decision would be that as a practical matter, it's one core issue, and this court can decide the one core issue and decide it here. Thank you. Thank you very much. Thank you. Very difficult and extremely troubling case. We'll take the matter under advisement. Thank you very much.